# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KOLAWOLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 3449 |
| v. ) | |
| ) | |
| HILTON CHICAGO O'HARE, ) | Judge George M. Marovich |
| CHICAGO POLICE DEPARTMENT, ) | |
| RAY AVERY, CHRISTIAN SMITH, ) | |
| ERALD NIKOLLA, ARISTO AGUILAR, ) | |
| JAVIER CASTREVON, ) | |
| LEONARD RAGO, DARRIN VESTOSKY,) | |
| and JOVEN BERGANTINOS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Frequent litigator Kowalowe Smith ("Smith") has filed about a dozen complaints in this district since the beginning of 2008. He brings this case against defendants Hilton Chicago O'Hare Airport ("Hilton"), the Chicago Police Department, Ray Avery ("Avery"), Christian Smith, Erald Nikolla ("Nikolla"), Aristo Aguilar ("Aguilar"), Javier Castrevon ("Castrevon"), Leonard Rago ("Rago"), Darrin Vestosky ("Vestosky") and Joven Bergantinos ("Bergantinos"). Defendants Hilton, Christian Smith, Nikolla, Castrevon, Rago and Vestosky filed a motion to dismiss plaintiff's third amended complaint for failure to state a claim. Because the plaintiff has been granted leave to proceed *in forma pauperis*, the Court also considers whether the third amended complaint states a claim as to the other defendants and whether the amended complaint is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court dismisses without prejudice Smith's third amended complaint.

**I.**     **Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiff's third amended complaint.

Smith's complaint arises out of his seven visits to the business center at the Hilton Chicago O'Hare Airport. Smith went to the business center, which according to Smith's complaint is open to the public, in order to use the computers. On multiple occasions, Smith was forced to leave while white individuals were not forced to leave.

It appears from Smith's complaint (which is not a model of clarity but is more clear than his previously-filed complaints) that his first visit to the Hilton's business center was on January 28, 2007. For "no reason but [Smith's] race", defendant Avery, a Hilton employee, called the Chicago Police. The police officers who answered the call told Smith to leave lest he be arrested. A white person who was also using the business center was not asked to leave.

Smith used the business center at the Hilton again on February 19, 2007. Hilton employees Avery and Christian Smith told plaintiff Smith to leave. When he refused, they called the police.

Smith returned to the Hilton business center two days later, on February 21, 2007. The only other person at the Hilton business center on that day was white. Hilton employee Nikolla called the police. When the police arrived, Smith informed them that the Hilton business center was open to the public, which Nikolla acknowledged. The five police officers stepped outside to discuss the situation. When Smith refused to leave the business center, the five Chicago police officers dragged him out and arrested him. The white individual was not forced to leave.

Despite the arrest, Smith waited less than two weeks before he returned to the Hilton business center on March 4, 2007. This time, Smith brought a camera. While he was minding

his own business in the business center, Avery arrived with a Chicago police officer. Once again, Smith was arrested. Smith saw Hilton employees Rago and Bergantinos laughing in the background. Smith alleges that Rago, Bergantinos or Avery called the police.

The March 4, 2007 arrest required a court appearance, which Smith missed. (Smith had been at the hearing, but he had to leave early, presumably before his case was called.) When Smith missed the court appearance, the court issued a warrant for his arrest. Smith spent twelve days in the Cook County Jail. When Smith demanded a trial on the charges against him, the charges were dropped.

Smith returned to the Hilton's business center on October 8, 2007. That day, Hilton employee Aguilar told Smith he needed to leave because he had filed a charge of discrimination with the Chicago Commission on Human Relations. Smith left.

On December 29, 2007, Smith returned. Bergantinos told Smith to leave before Bergantinos called the police. Smith returned on January 5, 2008. Hilton employee Castrevon entered the business center, asked Smith his name and left. It is unclear from the complaint whether Smith was asked to leave, left on his own or was arrested on January 5, 2008.

## II. <u>Standard on a motion to dismiss</u>

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

## III. Discussion

### A. Smith's § 1983 claims against the Hilton defendants

Although Smith's complaint does not set out his claims by count, it is clear that Smith is trying to assert a claim against defendants Hilton, Avery, Christian Smith, Nikolla, Aguilar, Castrevon, Rago, Vestosky and Bergantinos under § 1983 for violations of plaintiff Smith's constitutional rights. That statute states, in relevant part, "[e]very person who, *under color of any statute, ordinance, regulation, custom or usage, of any State* . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law." 42 U.S.C. § 1983 (emphasis added). Because of the requirement that an action be taken under color of law, § 1983 is generally used against government actors, not private actors. Private actors can be liable as state actors only: (1) "where the state effectively directs or controls the actions of the private

party"; or (2) "when the state delegates a public function to a private entity." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999).

The Court concludes that Smith has failed to state a claim under § 1983 against these defendants, because Smith has failed to allege any state action. Defendants Avery, Christian Smith, Nikolla, Aguilar, Castrevon, Rago, Vestosky and Bergantinos are alleged to be employees of the Hilton, not of the state. The allegations suggest that these individuals were employed by Hilton as security guards, but none of the allegations suggest that these individuals exercised any police powers that had been delegated to them by the state. To the contrary, plaintiff alleges that Avery, Christian Smith, Nikolla, Rago and Bergantinos called the police. In addition, a few of the individual defendants are alleged to have asked Smith to leave the business center or to have asked Smith his name. These are not police functions. Unquestionably, a person is allowed to telephone the police without subjecting himself to § 1983 liability. *Bally's Health & Tennis Corp. v. Almaui*, Case No. 95 C 0924, 1997 WL 766884 at *6 (N.D. Ill. Dec. 3, 1997) (telephoning police is private action to which § 1983 liability does not attach); *Mauntel v. Briscoe*, Case No. 93 C 6579, 1995 WL 319646 at *1 (N.D. Ill. May 26, 1995) ("Policemen, like other citizens, have the right not only to call the police when they feel victimized, but to do so without rendering themselves liable under § 1983); *O'Neal v. KA Super U.S.A.*, Case No. 06 C 40, 2006 WL 6091449 at * 2 (W.D. Wis. April 18, 2006) (plaintiff failed to state a claim by alleging that a store employee had telephoned 911, because such was private conduct). If anything, telephoning the police is evidence that a person *lacks* police power. *See Payton*, 184 F.3d at 630. Accordingly, plaintiff has failed to state a claim under § 1983 against the individual defendants.

Nor has plaintiff stated a claim under § 1983 against the Hilton or the Chicago Police Department. The law does not recognize vicarious liability under § 1983, so plaintiff cannot use conduct of the individuals to impute liability against their employers. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1948 (2009). Thus, Smith fails to state a claim upon which relief may be granted.

Plaintiff is proceeding *in forma pauperis*, so the Court takes the further step of considering whether Smith's § 1983 claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). The reason the Court is required to screen *in forma pauperis* complaints for frivolousness is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitze v. Williams*, 490 U.S. 319, 327 (1989). A claim is frivolous where the factual allegations or legal conclusions lack an arguable basis in law or fact. Here, plaintiff's legal conclusions are inarguable. One cannot hold an employer vicariously liable under § 1983, and one cannot hold an individual liable under § 1983 for calling the police. Plaintiff's legal theories for holding defendants liable under § 1983 are frivolous, so the claims must be dismissed. *Neitze*, 490 U.S. at 328; 28 U.S.C. § 1915(e)(2)(B)(i).

Furthermore, because the claims under § 1983 are frivolous, plaintiff is prohibited from refiling the § 1983 claims unless he pays the filing fee of $350 for this suit. *See Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (a plaintiff may proceed after a dismissal under 28 U.S.C. §1915(e)(2)(B)(i) only by paying the filing fee).

**B.     Plaintiff's § 1981 claims**

Smith also mentions in his complaint § 1981, which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

None of the conduct mentioned in Smith's third amended complaint falls within the category of rights protected by § 1981. Smith fails to state a claim upon which relief may be granted. In addition, because there is no arguable legal basis for Smith's § 1981 claim, the claim is frivolous. Smith cannot replead his § 1981 claim unless he pays the filing fee of $350 for this suit.

### C. Plaintiff's § 1985(3) claims

Smith's third amended complaint makes several mentions of 42 U.S.C. § 1985(3), so the Court considers whether Smith has stated a claim under that section. To make out a claim under that section, a plaintiff must show (1) a conspiracy (2) to deprive any person of the equal protection of the law or of the equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) an injury. *Indianapolis Minority Contractors Assoc., Inc. v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999).

Smith's conspiracy allegations are a bit vague. In one part, Smith alleges that five Chicago police officers discussed amongst themselves the situation before throwing him out of the Hilton business center. Those police officers are not defendants, however, so that fails to state a claim.

Smith also seems to assert that Nikolla conspired with the police officers by telling them that the business center was open to the public. Nothing about that allegation suggests that Nikolla and the police officers reached a meeting of the minds to deprive Smith of his rights. As a matter of law, a private citizen does not engage in a conspiracy with police officers merely by calling them and furnishing information to the police officers. *See Kelley v. Myler*, 149 F.3d 641, 649 (7th Cir. 1998) ("[Defendant] called the police when [plaintiff] refused to leave the property after being asked to do so and then described the situation to the officers; he had no further communication with the officers. Such evidence does not support [plaintiff's] charge that a conspiracy existed to arrest her in violation of her civil rights."); *Fitzpatrick v. City of Hobart*, Case No. 03 C 359 PS, 2006 WL 2736127 at *6 (N.D. Ind. Sept. 25, 2006) (to establish a conspiracy under § 1985, it is "not enough for a private citizen to have furnished information to law enforcement or other government officials even if that information is false."). Smith has failed to allege that any of the individual defendants or the Hilton conspired with the police to deprive him of his rights.

Finally, Smith asserts that Aguilar conspired against him on October 8, 2007, when Aguilar told Smith that he needed to leave the Hilton business center because he had filed a complaint against the Hilton at the Chicago Commission on Human Relations. The Court assumes Smith means that Aguilar must have learned from someone at the Hilton that Aguilar had filed the complaint. That Aguilar had a conversation, however, is not a sufficient allegation that he conspired to deprive Smith of his rights.

The Court concludes that Smith has failed to state a claim upon which relief may be granted under § 1985(3). Those claims are dismissed without prejudice.

### D. Plaintiff's Title II claims

Smith also seems to be asserting a claim against the Hilton and the individual defendants for violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." *See* 42 U.S.C. § 2000a. That section provides a private right of action for *injunctive relief*; but, one cannot recover *money damages* for a violation of that section. 42 U.S.C. § 2000a-3; *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).

Plaintiff alleges some but not all of what is required to state a claim under Title II. Smith adequately alleges that he attempted to use a place that is open to the public and that he was turned away multiple times for no reason other than his race. The problem with Smith's complaint, however, is that he seeks to recover money damages ($20,000,000.00, to be precise). This he cannot do. Even if he wins on his Title II claim, he cannot recover even a penny, because the statute does not allow for money damages. All he can get is an injunction (such as a court order that prevents Hilton and the individual defendants from turning away business center users on the basis of their race). Smith, however, has not put forth sufficient allegations to show that he has standing to seek injunctive relief. "[A] plaintiff in search of prospective equitable relief must show a significant likelihood and immediacy of sustaining some direct injury." *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000). While Smith has been turned away in the past, he needs to allege facts that suggest he is likely to be turned away in the future (such as

his intent to return to the business center in the future) in order to have standing to seek injunctive relief.

Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court dismisses without prejudice Smith's Title II claim for failure to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons set out above, the Court dismisses without prejudice plaintiff's third amended complaint. All other pending motions are denied as moot.

If plaintiff chooses to pursue his § 1983 claims or his § 1981 claims, he must pay the $350 filing fee by December 4, 2009.

If plaintiff chooses to pursue his § 1985 claims or his Title II claims, he must obtain the Court's leave to file an amended complaint. To do so, he may file, on or before December 4, 2009, a motion for leave to amend, and he must attach to his motion for leave to amend a copy of his proposed amended complaint.

ENTER:

George M. Marovich
United States District Judge

DATED: October 27, 2009